UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.           )<br>)<br>ABDIFITAH ABDI aka "Momo," )<br>ASMO DOL, and     )<br>RAKIYA MOHAMED       ) | No. 2:25-cr-00026-JAW |

**CLARIFYING ORDER**

In a federal criminal prosecution, an uncharged corporate entity moves to strike references to its business from the indictment, or, in the alternative, seeks an order from the court clarifying that the indictment does not accuse the business of criminal conduct. The court denies the motion to strike but clarifies that the indictment does not accuse the corporate entity of any criminal conduct.

**I.   BACKGROUND**

**A.   The Indictment**

On February 26, 2025, a grand jury returned an indictment charging Abdifitah Abdi, Asmo Dol, and Rakiya Mohamed with conspiracy to defraud the Internal Revenue Service (IRS). *Indictment* (ECF No. 1). The indictment also charged Defendant Mohamed with filing a false tax return and obstructing the IRS and charged Defendant Abdi with obstruction of the IRS. *Id.* Although the indictment only charged these three individuals with crimes, the indictment names three entities and describes their relationship to the Defendants: (1) Bright Future Healthier You LLC (BFHY), a company at which Defendant Dol allegedly worked, (2) Reliable

Language Resources LLC (RLR), a company owned by Defendant Mohamed, and (3) Momo Interpreters, a business allegedly operated by Defendant Abdi. *Id.* ¶¶ 4-6.

Relevant here is Count One of the indictment, which alleges that all three Defendants filed and presented "false and fraudulent documents to the IRS to make it appear that [RLR] and Momo Interpreters had paid third parties to interpret for [BFHY] when, in fact, as the defendants knew, no such payments were made and no such services rendered." *Id.* ¶ 10. Thus, although the conspiracy allegedly only involved the conduct of the three individual defendants, their conduct related to representations to the IRS about services performed by two interpretation businesses, RLR and Momo Interpreters, for a third business, BFHY.

On July 23, 2025, the Government dismissed the indictment as to Defendant Dol because she died while the case was pending. *Notice of Dismissal as to Asmo Dol* (ECF No. 40); *Order of Discharge* (ECF No. 41).

On February 2, 2026, Defendant Mohamed and the Government reached a proposed plea agreement. *Agreement to Plead Guilty (with Stipulations and Appeal Waiver)* (ECF No. 58). A hearing on Defendant Mohamed's proposed plea agreement is scheduled for March 4, 2026. *Notice of Hr'g as to Rakiya Mohamed* (ECF No. 59). As to Defendant Abdi, at this time, his case is listed on the District of Maine's April trial list. *Order* (ECF No. 62).

B.  **Bright Future Healthier You LLC's Motion**

On January 16, 2026, BFHY, finding the indictment's language prejudicial against them, moved to strike language from the indictment referencing their business, or, in the alternative for a clarifying order from the Court. *Mot. of Bright*

*Future Healthier You LLC, an Uncharged Entity, to Strike Prejudicial References from the Indictment or, in the Alternative, for Clarifying Relief* (ECF No. 57) (*BFHY's Mot.*). On February 6, 2026, the Government filed its response, opposing BFHY's motion to strike and offering its filing as a public clarification that the indictment does not accuse BFHY of criminal conduct. *Opp'n to Bright Future Healthier You's Mot. to Strike or Clarify* (ECF No. 60) (*Gov't's Opp'n*). On February 20, 2026, BFHY filed their reply. *Reply of Bright Future Healthier You LLC in Supp. of Mot. to Strike or Clarify Prejudicial References* (ECF No. 61) (*BFHY's Reply*). On February 25, 2026, BFHY withdrew their motion only as to Defendant Dol, after learning the Government had dismissed her from the indictment. *Notice of Withdrawal of Mot.* (ECF No. 63).

## II.  THE PARTIES' POSITIONS

### A.  Bright Future Healthier You LLC's Motion to Strike or Clarify

BFHY moves to strike references to itself in the indictment, arguing that the language "affirmatively suggests criminal culpability . . . creating severe and unnecessary reputational harm without any corresponding prosecutorial necessity." *BFHY's Mot.* at 2; 4-7. In the alternative, BFHY requests that the Court issue an order clarifying that the indictment does not accuse BFHY of any criminal conduct. *Id.* at 8.

BFHY explains that, prior to filing their motion, it met and conferred with the Government but reports they were unable to reach a mutually agreeable resolution, although the "discussions were professional, constructive, and undertaken in good

3

faith on both sides."[1]  *Id.* at 7.  BFHY further clarifies that it does not seek to litigate the facts or merits of the indictment and takes no position on guilt or innocence.  *Id.* at 2.  Instead, BFHY explains, it "seeks only narrowly tailored relief to prevent an indictment from unfairly attributing criminal conduct to" BFHY.  *Id.*

      **B.**    **The United States Government's Opposition**

The Government opposes BFHY's motion to strike or clarify, arguing that because the indictment's language neither charges nor accuses BFHY of any crime, there is no basis to strike the challenged language in the indictment.  *Gov't's Opp'n* at 3.  Rather, the Government argues the references to BFHY and the other companies merely identify the entities to "provide[ ] necessary context to understand the alleged conspiracy" and "to show the relationship between those entities and the defendants," "provid[ing] notice to the charged defendants" consistent with the Federal Rules of Criminal Procedure.  *Gov't's Opp'n* at 2; 4 (citing FED. R. CRIM. P. 7(c)).  Lastly, the Government states that "[t]o the extent that the indictment does not accuse BFHY of criminal conduct, the government's response to BFHY's motion should provide that clarity and moot that request."  *Id.* at 4 n.1.

      **C.**    **Bright Future Healthier You LLC's Reply**

In reply, BFHY contends that the Government's opposition "ultimately underscores—rather than resolves—the core problem presented by the indictment."  *BFHY's Reply* at 1.  Although appreciating that the Government agrees that the indictment neither charges nor accuses BFHY of criminal conduct, BFHY maintains

---

[1]    Counsel for the remaining Defendants take no position on BFHY's motion.  *BFHY's Mot.* at 8.

4

that the Government's opposition alone does not suffice to clarify or cure the prejudice caused by the language in the indictment. *Id.* at 2-3. BFHY's reply reiterates its other arguments in support of its motion to strike the challenged language from the indictment and restates its alternative request for a clarifying order. *Id.* at 3-5.

### III.   DISCUSSION

The Court reviewed the contested language in the indictment and finds that it does not suggest criminal conduct on the part of BFHY. Relevant here, is the conspiracy count, which alleges that all three defendants filed and presented "false and fraudulent documents to the IRS to make it appear that Reliable Language Resources and Momo Interpreters had paid third parties to interpret for Bright Future Healthier Your when, in fact, as the defendants knew, no such payments were made and no such services rendered." *Indictment* ¶ 10. The first page of the indictment mentions BFHY to provide background information by introducing BFHY as the employer of Defendant Dol. *Id.* ¶ 4.

The only other mention of BFHY is on the indictment's second page under the subheading "Manner and Means." *Id.* at 2; *id.* ¶¶ 8-10. Here, the indictment explains *how* the defendants allegedly executed their alleged conspiracy, which the grand jury found involved the defendants allegedly fabricating payments for services the defendants allegedly knew were never performed. *Id.* ¶¶ 8-10. The indictment goes on to describe no fewer than 28 overt acts allegedly carried out in furtherance of the conspiracy to defraud the IRS but nowhere is BFHY mentioned as having performed or committed any of these alleged acts in furtherance of the conspiracy. *Id.* ¶¶ 11-16. In other words, the indictment mentions BFHY as necessary background information

to explain *what* the alleged conspiracy was and *how* the Defendants allegedly planned and executed their conspiracy.

Specifically, the indictment alleges that BFHY provided health and social services to clients and billed MaineCare for those services. *Id.* ¶ 4. Defendant Mohamed, who is Ms. Dol's daughter, owned RLR, which provided interpretation services for BFHY clients. *Id.* ¶¶ 5, 8. The indictment alleges that Defendant Abdi operated and managed Momo Interpreters. *Id.* ¶ 6. BFHY paid RLR for its purported interpretation service, *id.* ¶ 8, and RLR in turn paid Momo for interpretation services. *Id.* ¶ 9. The indictment alleges that it was part of the conspiracy that RLR and Momo presented the with IRS false and fraudulent documents to make it appear that RLR and Momo paid third parties for interpretation services that were, in fact, never rendered. *Id.* ¶ 10. A careful reading of the indictment confirms that it makes no allegation that BFHY was involved in any way in this conspiracy. Indeed, to the contrary, the indictment alleges that BFHY paid RLR for interpretation services to its clients that were never provided. The Court therefore concludes that the contested language of the indictment does not improperly attribute criminal conduct to BFHY.

The caselaw BFHY cites does not compel a different result. As the Court explained, the indictment does not accuse, state, or suggest BFHY of any criminal conduct. *See, e.g.*, *United States v. Briggs*, 514 F.2d 794, 802 (5th Cir. 1975) (striking the name of an "unindicted conspirator" because a grand jury should not "accuse persons of a crime while affording them no forum in which to vindicate themselves"). Nor does Federal Rule of Criminal 7(d), which permits courts to strike surplusage

from an indictment, provide a basis for BFHY's motion to strike. Rule 7(d) merely protects a *defendant* from "immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." FED. R. CRIM. P. 7(d) advisory committee's note (1944). Even by analogy, as BFHY argues, Rule 7(d) does not support their motion to strike because the contested language in the indictment is not prejudicial to BFHY. *See BFHY's Mot.* at 3-4.

Furthermore, given the grand jury's critical and unique function in the criminal justice system, and the need to provide the defendant notice of the essential facts underlying the indictment, the Court is wary of striking the language of the indictment, particularly in this case, where the contested language does not accuse or suggest a non-defendant of any criminal conduct. *United States v. R. Enters., Inc.*, 498 U.S. 292, 297-300 (1991) (describing the role of the grand jury); *Russell v. United States*, 369 U.S. 749, 770 (1962) (describing the indictment as the "foundation of the prosecution"); FED. R. CRIM. P. 7(c).

Moreover, a grand jury is carrying out a constitutional function. U.S. CONST. am. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury"). Courts typically approach the work of a grand jury cognizant of its constitutionally sanctioned role. *See Whitehouse v. United States Dist. Ct.*, 53 F.3d 1349, 1360 (1st Cir. 1995) (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250 U.S. 250, 263 (1988)) ("When a federal court uses its supervisory power to dismiss an indictment, it directly encroaches upon

the fundamental role of the grand jury. That power is appropriately reserved, therefore, for extremely limited circumstances").

It is true that on occasion, the Government elects not to use the name of a business entity or individual, often a victim, in describing the background for a criminal charge, where the business or individual is not charged with a crime, and instead substitutes a pseudonym. *See United States v. Nichole Kelley*, No. 1:26-cr-0001-JAW, *Information* at 1 (ECF No. 1) ("Bank A was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation"). However, in an appropriate case, a grand jury and the Government may choose not use pseudonyms if the addition of the name in the charging document helps the public and the defendants understand what is being alleged.

The Court, therefore, DENIES BFHY's motion to strike. However, the Court appreciates BFHY's concern about public perception over the contested language in the indictment, and considering the Government offers its opposition as public clarification that the indictment does not accuse BFHY of criminal conduct, the Court GRANTS BFHY's motion for clarification. The Court therefore issues the following clarifying order:

> The February 26, 2025 indictment in the matter of *United States v. Abdi, et. al*, No. 2:25-cr-00026-JAW, does not accuse Bright Future Healthier You LLC, an entity named in the indictment for background information only, of committing any criminal conduct, or suggest that it did so.

8

## IV. CONCLUSION

Accordingly, the Court DENIES Bright Future Healthier You LLC's Motion to Strike Prejudicial References from the Indictment (ECF No. 57) and GRANTS Bright Future Healthier You LLC's Motion for Clarifying Relief (ECF No. 57).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of March, 2026